TRUMAN LOCKLEAR v. CLAUDE HENRY SNOW AND RED SPRINGS MOTORS, INC.

No. 6916SC201

(Filed 23 July 1969)

**1. Trial § 21—   motion for nonsuit of counterclaim — consideration of evidence**

In determining the sufficiency of the evidence on plaintiff's motion for nonsuit as to defendant's counterclaim, the trial court is required to consider the evidence in the light most favorable to the defendant.

**2. Negligence § 34—   contributory negligence — counterclaim — sufficiency of evidence**

In this action for damages resulting from a collision between plaintiff's automobile and defendant's wrecker, the trial court properly allowed plaintiff's motion for nonsuit of defendant's counterclaim and properly refused to submit the issue of contributory negligence to the jury, where all of defendant's evidence related to events which occurred after the collision and there is no evidence to support defendant's allegations of negligence by plaintiff.

**3. Appeal and Error § 10;   Trial § 49—   motion for new trial for newly discovered evidence**

A motion for a new trial on the basis of newly discovered evidence may be made in the Court of Appeals when such evidence is discovered

after the adjournment of the trial court and pending an appeal, but such motions are not looked upon with favor and are granted only in the Court's discretion.

**4. Trial § 49—  new trial for newly discovered evidence — prerequisites**

An applicant seeking a new trial on the ground of newly discovered evidence must rebut the presumption that the verdict is correct and must show by affidavit that he used due diligence and the means employed to do so, or that there has been no laches in procuring the testimony which he contends is now available but which was not available at the time of the trial.

**5. Trial § 49—  motion for new trial for newly discovered evidence — failure to show due diligence**

In this action for damages resulting from a collision between plaintiff's automobile and defendant's wrecker, defendant's motion for a new trial on the ground of newly discovered evidence is denied by the Court of Appeals where the affidavits in support of the motion fail to show affirmatively that due diligence was used and proper means employed to procure the evidence at the trial.

APPEAL by defendant from *Bailey, J.,* November 1968 Session of the Superior Court of SCOTLAND County.

This is a civil action instituted by the plaintiff to recover for alleged personal injuries and property damage resulting from the collision of plaintiff's automobile and a wrecker truck (wrecker) owned by the corporate defendant and operated by the individual defendant. Since the institution of this action, the individual defendant has died from causes unrelated to this cause of action. The collision between the plaintiff's automobile and the wrecker occurred at approximately 12:10 P.M. on 17 October 1967 on North Carolina Highway 71 about five miles from Red Springs, North Carolina.

The evidence for the plaintiff tended to show that he was operating his car in a southerly direction on Highway 71 which was a paved road 18 feet wide; he had been following the wrecker for some distance; he pulled into the left lane to pass the wrecker and sounded his horn as he did so; as he pulled alongside the wrecker, the wrecker attempted to turn left and collided with the right side of plaintiff's automobile when plaintiff's automobile was about three feet from the center line; as a result of the collision, the plaintiff's car left the highway and struck a tree thereby causing injury to his person and property; that prior to turning left, the driver of the wrecker gave no signal of his intention to turn left, and after the collision the defendant Snow turned the left blinker light on after he had gone to a house near there and returned.

The evidence for the defendant tended to show that the left

blinker light on the wrecker was in operation a few minutes after the accident and before Mr. Snow returned to the wrecker from the house; that neither the car nor the wrecker were moved for several minutes after the wreck until a highway patrolman arrived; and that one of the plaintiff's witnesses was a woman of bad reputation.

At the close of all the evidence, the trial court granted a nonsuit as to defendant's counterclaim. The issue of defendant's negligence was submitted to the jury who returned a verdict in favor of the plaintiff in the amount of $4,631.50. Subsequent to the trial but before the judgment was signed, the defendant made a motion for a new trial on the basis of newly discovered evidence. This motion was denied.

From the judgment of the Superior Court, the defendant appeals to the Court of Appeals, assigning as error the granting of the nonsuit as to its counterclaim, the failure to submit to the jury the issue of contributory negligence on the part of plaintiff, the denial of its motion for a new trial, and the action of the trial court in signing and entering the judgment.

*Johnson, Hedgpeth, Biggs & Campbell by John W. Campbell for defendant appellant.*

*Mason, Williamson and Etheridge by Andrew G. Williamson for plaintiff appellee.*

MALLARD, C.J.

The defendant asserts that there are three questions presented on this appeal:

"1.  Did the court err in allowing Plaintiff's motion for judgment of nonsuit on the counterclaim of the Defendant, granted at the close of all the evidence?

2.  Did the Court err in refusing to submit the issue of contributory negligence of the Plaintiff, as requested by Defendant?

3.  Did the Court err in signing and entering the judgment?"

[1, 2]  We consider the initial two questions presented. In considering the sufficiency of the evidence on plaintiff's motion of nonsuit as to defendant's counterclaim, the trial court was required to consider the evidence in the light most favorable to the defendant. *Wilkins v. Turlington*, 266 N.C. 328, 145 S.E. 2d 892 (1966); *Gillikin v. Mason*, 256 N.C. 533, 124 S.E. 2d 541 (1962). All of the evi-

dence offered by the defendant related to events occurring after the collision actually took place. Nowhere in the evidence favorable to the defendant is there to be found testimony that the left blinker light on the wrecker was actually in operation at the time the collision occurred; that the plaintiff failed to sound his horn before passing; that the plaintiff failed to maintain a proper lookout; that the plaintiff was operating his vehicle at a speed greater than was reasonable and prudent under the then existing circumstances; that the plaintiff failed to keep his car under control; that the plaintiff failed to keep at least a two-foot interval between his car and the wrecker when attempting to pass; or that plaintiff failed to reduce his speed in order to avoid the collision. Although the defendant has alleged all of the foregoing acts of negligence by the plaintiff, there is a total absence of proof as to any one of them. Allegations alone are not sufficient; there must be some proof of the allegations alleged in defendant's answer. *Moore v. Hales,* 266 N.C. 482, 146 S.E. 2d 385 (1966). Viewing the evidence in the light most favorable to the defendant, we hold that it was not sufficient to be submitted to the jury as to the counterclaim of defendant or to require the submission of the issue of contributory negligence.

The cases cited by the defendant are factually distinguishable in that they are concerned with accidents arising from a collision with a vehicle ahead, and therefore are not in point with the case under consideration.

The third question presented on this appeal is to the entry and signing of the judgment. This is a formal exception, is without merit and needs no discussion.

The defendant's motion for a new trial was made before the signing of the judgment but after the adjournment of the session of the trial court at which the case was tried. The trial court denied the motion for the reason that it was "without jurisdiction to entertain said motion for that the term at which trial was had has expired, but without prejudice to the defendant Red Springs Motors, Inc. to make this motion in the Appellate Division." Defendant does not contend in its brief that the trial court was in error in denying the motion for a new trial on the grounds of newly discovered testimony.

[3]    In this court defendant has renewed its motion for a new trial on the basis of newly discovered evidence. Such motions may be made in the Court of Appeals when such evidence is discovered after the adjournment of the trial court and pending an appeal. Such motions are not looked upon with favor in the appellate division

and are granted only in the discretion of the appellate court. *Herndon v. R. R.,* 121 N.C. 498, 28 S.E. 144 (1897); McIntosh, N.C. Practice and Procedure § 1800(7).

In *State v. Casey,* 201 N.C. 620, 161 S.E. 81 (1931), Chief Justice Stacy speaking for the court said:

> "Both the trial and appellate courts have exercised the right to grant new trials for newly discovered evidence in civil cases, and the rules governing such applications, in cases appearing on the civil side of the docket, are well established by a number of decisions. But on account of the abuse to which such applications are susceptible, the courts have found it necessary to admit them cautiously, under somewhat stringent rules, to prevent the endless mischief which a different course would undoubtedly produce."

**[4]** There are seven of these rules which are specifically set out in *State v. Casey, supra,* and *Johnson v. R. R.,* 163 N.C. 431, 453, 79 S.E. 690 (1913), and many other cases. See also 7 Strong, N.C. Index 2d, Trial § 49. The rules require the applicant seeking a new trial on the grounds of newly discovered evidence to rebut the presumption that the verdict is correct. The applicant is also required to show by affidavit that he used due diligence and the means employed to do so, or that there has been no laches in procuring the testimony which he contends is now available but which was not available at the time of the trial. *Johnson v. R. R., supra.*

In the case of *Alexander v. Cedar Works,* 177 N.C. 536, 98 S.E. 780 (1919), we find the following language:

> "But we put our decision chiefly upon the ground that a want of laches has not been sufficiently shown. Laches is negligence, consisting in the omission of something which a party might do, and might reasonably be expected to do, towards the vindication or enforcement of his rights. . . . It may be that petitioners were actually free from laches, but if so, it should have appeared affirmatively, the burden of showing diligence being upon them."

**[5]** J. D. Odom, in his affidavit filed in support of the defendant's motion for a new trial, states that he knew Claude Snow, the driver of the wrecker for Red Springs Motors, Inc., before this occasion, and that he talked to him there at the scene of the collision on 17 October 1967. Mr. Odom stated that he operated an advertising business in Lumberton, and on Friday, 8 November 1968, which was over a year after the incident, was making a *routine* business call

on the owner and operator of Red Springs Motors, Inc., and was informed about the trial that had taken place that week. It is not clear from the affidavit or this record why the identity of this man who made "routine" calls on the corporate defendant, who knew Mr. Snow, the driver of the wrecker, and who had talked to Mr. Snow at the scene of the collision, was not called as a witness at the trial of this case.

After careful consideration of the affidavits submitted in support of the motion for a new trial on the basis of newly discovered evidence, we are of the opinion that there is a failure to affirmatively show that due diligence was used and proper means employed to procure the testimony of J. D. Odom at the trial. The motion for a new trial on the grounds of newly discovered evidence is denied.

For the reasons set out in the trial in the Superior Court, we find

No error.

BRITT and PARKER, JJ., concur.