WALTER E. KNOWLES v. CAROLINA COACH COMPANY

No. 782SC781

(Filed 19 June 1979)

**Landlord and Tenant § 18— rental of bus station—strike by bus company employees—refusal of tenant to pay rent during strike—lease properly terminated—landlord's recovery of rent proper**

> Where plaintiff leased a bus station from defendant but refused to pay rent during the four months that defendant suspended operations because of a labor dispute with its employees, the trial court properly granted summary judgment for defendant on plaintiff's claim for damages due to defendant's alleged breach of the lease agreement and properly granted summary judgment for defendant on its counterclaim for rental payments allegedly due and owing, since the lease made no provision for rights and obligations in the event of a strike; the fluctuation of traffic levels through the station would be a normal business risk which plaintiff would assume in undertaking to run his enterprise; and in the absence of any wrongful act on defendant's part in bringing on the strike and causing the reduction of traffic through the bus station, plaintiff's failure to pay the required rentals was not excusable under the lease agreement, particularly since plaintiff continued to operate the station to accommodate the traffic other than from defendant which normally passed through the station as well.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 25 July 1978 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 4 May 1979.

Plaintiff filed this civil action 23 December 1974, seeking damages for an alleged breach by defendant of a lease agreement. Defendant counterclaimed, seeking rental payments allegedly due and owing. The lease was effective 1 February 1968 through 31 December 1977. It provided for the lease of a bus station and certain concessions, rental payments being payable to defendant in the amount of $650.00 per month with commissions payable to plaintiff for ticket sales, express shipments and charters. Under the lease agreement, plaintiff was also entitled to operate his ticket agency for inter-city carriers other than the defendant.

Beginning 9 December 1973 and continuing until 1 April 1974, the defendant's bus drivers went on strike as a result of a labor dispute which suspended the operation of defendant at the Washington Bus Station. Plaintiff paid no rent to the defendant for the months of January through April of 1974. Defendant ter-

minated the lease agreement effective 20 November 1974 and requested plaintiff to vacate the premises.

Plaintiff is seeking $3,700.00 for "out-of-pocket expenses" during the period of the strike, $66,000.00 for the "loss of probable profits," and $100,000.00 as punitive damages. Defendant counterclaimed for the $1,382.80 rental it contends plaintiff owes for the months of January through April 1974.

Defendant deposed plaintiff and obtained certain information and exhibits through discovery. Defendant then moved for summary judgment on plaintiff's claim, asserting on the basis of plaintiff's deposition and the several pleadings filed that no material issue of fact existed as to the actions of defendant which were complained of, and that it was therefore entitled to judgment as a matter of law. Summary judgment was entered by the trial court in favor of defendant denying plaintiff's claim for all damages and "lost" prospective profits, and summary judgment was further entered in favor of defendant against plaintiff on the issue of liability for unpaid and owing rental payments with respect to defendant's counterclaim. (The issue of amount of damages on the counterclaim was reserved for the jury, the trial court determining that there was a factual dispute as to the actual amount owed.) From the trial court's entries of judgment on the summary judgment motions, plaintiff appeals, assigning error.

*Wilkinson and Vosburgh, by John A. Wilkinson and Steven P. Rader, for the plaintiff.*

*Allen, Steed and Allen, by Arch T. Allen III, D. James Jones, Jr., and Charles D. Case, for the defendant.*

MARTIN (Robert M.), Judge.

The only question for our consideration is whether the trial court erred in granting summary judgment on the two counts in favor of defendant. Plaintiff contends that the lease agreement was wrongfully terminated and that he is entitled to recover damages arising from that wrongful termination. He argues that his failure to pay rental installments, the default upon which defendant cites as the breach of the lease resulting in termination, was brought about by a work stoppage resulting from defendant's refusal to bargain with its bus drivers. Plaintiff and defendant

agree that a binding contract between the parties was duly executed. The language of the contract is not in dispute.

In his complaint plaintiff alleges:

> During the year 1973, . . . the defendant company became involved in a dispute with its own employees over wages and working conditions. The defendant refused to meet the demands of its employees although it knew that such failure would precipitate a strike, and on or about December 9, 1973, the employees of the defendant struck. As a result, the company's business through the Washington bus station . . . was abruptly terminated.
>
>                               *   *   *
>
> On Thanksgiving Day, November 28, the defendant demanded possession of the premises of the bus station from the plaintiff and ordered him to vacate the same. They closed out his account and willfully and in violation of his contract evicted him from the premises. . . .
>
>                               *   *   *
>
> The breach of the contract with the plaintiff by the defendant was done with the intent to divest plaintiff of his right under the contract. It was not done with the mere purpose of undertaking to make him pay rent for a period when the defendant itself was unable to perform, but was done with the malicious and wrongful purpose of attempting to maneuver him into a position that would allow the defendant to claim a breach by the plaintiff.

To support its motion for summary judgment and to establish the nonexistence of a breach of the contract on the part of the defendant, movant offered the deposition of plaintiff Walter Knowles.

Knowles stated in his deposition: "Of course, I do not contend that Carolina Coach Company had a strike for the purpose of reducing my commission on ticket sales. The strike was not really within the contemplation of either of us when the contract was entered into. No strike is mentioned in the contract." In that context we hold that the supporting evidence offered by the defend-

ant establishes that there is no genuine issue as to any material fact and that defendant is entitled to a judgment as a matter of law as to plaintiff's cause of action.

At the completion of discovery, defendant properly moved for summary judgment as it was apparent from the pleadings and plaintiff's deposition that proof of an essential element of plaintiff's claim was absent. Plaintiff had admitted his default on the covenant of the lease requiring him to pay rent; he contended, however, that the actions of defendant in dealing with the labor dispute with its drivers caused the strike to begin and continue for a protracted period of time, placing him in a position where diminished traffic through the bus station resulted in diminished revenues to him to an extent that he was unable to pay the rental as provided by the lease agreement. Because of this, plaintiff contends, defendant's termination of his lease was wrongful. We do not agree. Initially, we note that the lease provisions are silent as to exculpatory measures in the event of a labor dispute. We note further that labor disputes are not so extraordinary or phenomenal occurrences as to be wholly beyond the imaginations of the contracting parties and, had they so wished, they could have included language in the lease agreement that would have delineated rights and obligations upon the happening of such a contingency. Ordinarily, the fluctuation of traffic levels through the station would be a normal business risk which plaintiff would assume in undertaking to run his enterprise. The only element of wrongfulness which would justify requiring defendant to absorb plaintiff's loss in this respect would be if defendant deliberately precipitated the labor dispute for the purpose of forcing plaintiff either out of business or into default under the lease agreement. Plaintiff made no such allegation, and in the portion of his deposition quoted above, indicated his belief that the strike was *not* brought on to produce detriment to him. In the absence of any wrongful act on defendant's part in bringing on the strike and causing the reduction of traffic through the bus station, plaintiff's failure to pay the required rentals was not excusable under the lease agreement, particularly since plaintiff continued to operate the station to accommodate the traffic other than from Carolina Coach Company which normally passed through the station as well. Under these circumstances, defendant's termination of the lease and eviction of plaintiff for failure to pay rent could not have been wrongful.

Defendant, on its motion for summary judgment, relied upon the pleadings and the deposition of plaintiff to demonstrate the absence of any material issue of fact on this element of plaintiff's claim. Since the evidence from plaintiff himself, even when viewed in the light most favorable to him, tended to show strongly the absence of any wrongful act on defendant's part, the burden was upon plaintiff to show, either by affidavit or other evidence, some forecast of the evidence he intended to rely upon in proving the existence of this essential element of his claim. He failed to do this, and, accordingly, summary judgment was properly entered against him. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979) and cases cited therein. This assignment of error is overruled.

Plaintiff argues that he is not liable to defendant on its counterclaim for rent for the four months and he is excused from his breach of the lease agreement. He contends that he is excused from performance by the broadened concepts of commercial impracticability of performance and frustration of purpose.

The only question presented is whether, as a matter of law, the breach by plaintiff may be excused because of the strike. Under paragraph 6 of the lease agreement, it is stated:

> Lessee shall pay to Carolina Coach Company . . . by the 5th day of each month during the term hereof as rental for the leased premises the sum of six hundred and fifty dollars ($650.00) per month, payable in advance.

Plaintiff admits that he has not paid any rent for January, February, March and April, 1974. In *Arnold v. Ray Charles Enterprises, Inc.*, 264 N.C. 92, 141 S.E. 2d 14 (1965), the Supreme Court said:

> The general rule is that, where a person by his contract charges himself with an obligation possible and lawful to be performed, he must perform it . . . [I]f a party desires to be excused from performance in the event of contingencies arising, it is his duty to provide therefore in his contract, at least where he could reasonably have anticipated the event. 17A C.J.S., Contracts § 459 (1963).

*Id.* at 97, 141 S.E. 2d 17-18.

In *Taylor v. Gibbs,* 268 N.C. 363, 150 S.E. 2d 506 (1966), an action to recover rent for tobacco allotments, the Court rejected the tenant-defendant's contention that he was excused by subsequent governmental controls and stated:

> In substance he asks that the plaintiff be affected by an event that was totally unanticipated by him and by the defendant. If the parties had anticipated a development or governmental action similar to the acreage-poundage control, it should have been inserted as part of the agreement. Since they did not, the law cannot bind the plaintiff to an unforeseen and unexpected eventuality not within the contemplation of either party.

*Id.* at 364, 150 S.E. 2d 507.

In *Sechrest v. Forest Furniture Co.,* 264 N.C. 216, 141 S.E. 2d 292 (1965), the Court considered the question of whether the "frustration of purpose" doctrine would constitute the defense of excuse. The court held that for such frustration or impracticability to be established, the subject of the contract must be destroyed. *See Blount-Midyette v. Aeroglide Corp.,* 254 N.C. 484, 119 S.E. 2d 225 (1961).

In a leading case on commercial frustration, *Lloyd v. Murphy,* 25 Ca. 2d 48, 153 P. 2d 47 (1944), the California court declined to excuse a lessee under a lease for "the sole purpose of . . . the business of displaying and selling new automobiles. . . ." The lessee sought relief because of subsequent wartime restrictions on the sale of new automobiles. Justice Traynor of the California Supreme Court wrote the opinion rejecting excuse and concluded by stating:

> No case has been cited by defendant [lessee] or disclosed by research in which an appellate court has excused a lessee from performance of his duty to pay rent when the purpose of the lease has not been totally destroyed or its accomplishment rendered extremely impracticable or where it has been shown that the lease remains valuable to the lessee.

*Id.* at 58, 153 P. 2d 52-53.

We hold that summary judgment in favor of defendant as to plaintiff's liability for damages on defendant's counterclaim was proper.

Affirmed.

Judges ARNOLD and ERWIN concur.