MARY FRANCES BELL, PLAINTIFF v. BOBBY MARTIN, JR., DEFENDANT

No. 7826DC1108

(Filed 2 October 1979)

1. **Rules of Civil Procedure § 56— motion for summary judgment rather than default judgment**

In an action in which defendant failed to file an answer, plaintiff could properly move for summary judgment under Rule 56 rather than for judgment by default under Rule 55.

2. **Bastards § 10— summary judgment adjudicating paternity and ordering support payments**

In an action to establish paternity under G.S. 49-14 and to obtain child support pursuant to G.S. 110-128 *et seq.*, the trial court properly entered summary judgment for plaintiff adjudicating defendant to be the father of plaintiff's illegitimate child and ordering defendant to pay $80.00 per month for support of the child where defendant did not file an answer to the complaint and thus admitted allegations that he is the father of the child, that he is a responsible parent within the meaning of G.S. 110-139, and that he is able-bodied and capable of supporting a minor child; defendant did not file any materials in opposition to plaintiff's motion; plaintiff submitted an affidavit of defendant's employer that defendant's disposable income was $130.00 per week; and plaintiff submitted an affidavit from the Mecklenburg County Department of Social Services that plaintiff is receiving $80.00 per month under the Aid to Families with Dependent Children program for support of the child and that this amount is based upon the Department's evaluation of the child's needs.

Bell v. Martin

**3. Jury § 1.3— waiver of jury trial**

Defendant waived his right to a jury trial on the issue of damages, the only issue left unadmitted by his failure to file answer, by failing to file a timely demand for a jury trial.

**4. Rules of Civil Procedure § 60.1— motion for relief from judgment—authority of trial court to hear while appeal pending**

The trial court may consider a Rule 60(b) motion for relief from a judgment while an appeal from the judgment is pending for the limited purpose of indicating, by a proper entry in the record, how it would be inclined to rule on the motion were the appeal not pending. At the time the motion is made in the lower court the movant should notify the appellate court so that it may delay consideration of the appeal until the trial court has considered the Rule 60(b) motion. If the trial court indicates that it is inclined to rule in favor of the motion, the movant should move that the appellate court remand to the trial court for judgment on the motion. An indication by the trial court that it would deny the motion would be binding on that court and the movant could then request appellate court review of the lower court's action.

APPEAL by defendant from *Saunders* and *Bennett, Judges.* Judgment entered 28 August 1978 and order entered 3 November 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 22 August 1979.

Pursuant to G.S. 49-14, plaintiff's verified complaint sought a judicial determination that defendant was the father of her illegitimate child and asked for custody and child support for said child under G.S. 49-15 and G.S. 110-128 *et seq.* The complaint was served personally on defendant on 14 December 1977. On 23 June 1978 plaintiff mailed to the defendant her motion for summary judgment and notice of a hearing to be held on said motion on 26 July 1978. At the hearing, the defendant appeared with counsel and the court ordered a continuance until 24 August 1978, stating that either party could file such documents as may be permissible under the Rules of Civil Procedure. The plaintiff amended her complaint by adding a copy of the child's birth certificate and filed an affidavit with the court from the defendant's employer showing the defendant was currently earning $130.00 per week. Additionally, the plaintiff filed an affidavit from the Mecklenburg County Department of Social Services stating the plaintiff was receiving $80.00 per month from the Aid to Families with Dependent Children program for the support of her illegitimate child. At the time plaintiff's motion for summary judgment was heard on 24 August 1978, defendant had not filed an answer to plaintiff's

complaint nor any other document in opposition to plaintiff's motion. Plaintiff did not move for entry of a judgment by default under Rule 55.

Judge Saunders granted plaintiff's motion for summary judgment, finding that defendant was the father of plaintiff's illegitimate child; that defendant had failed and refused to contributed adequate support for the child; that plaintiff was the recipient of public assistance in the sum of $80.00 per month for the support of the child; that defendant was able-bodied and employed, earning $130.00 per week after taxes and other withholdings; and that defendant had the ability to contribute at least $80.00 per month to the support of the child. The court, based on said findings of fact, ordered the defendant to pay $80.00 per month for the support of the child. The defendant gave timely notice of appeal and on 20 September 1978 filed an answer to the original complaint without leave of court.

On 20 September 1978 defendant filed a motion under G.S. 1A-1, Rule 60(b) for relief from judgment and an affidavit sworn to by defendant alleging he was mislead by plaintiff's attorney into believing he was not required to file an answer to plaintiff's complaint prior to being notified by plaintiff's attorney to do so. The plaintiff at this point moved under G.S. 1A-1, Rule 12(f) to strike defendant's answer from the record. A hearing was held before Judge Bennett on both motions on 24 October 1978, and on 3 November 1978 Judge Bennett entered an order dismissing both motions on grounds that the prior appeal taken by the defendant deprived the District Court of jurisdiction to hear or determine either motion. From both the judgment of Judge Saunders granting plaintiff's motion for summary judgment and the order of Judge Bennett dismissing the defendant's motion for relief from judgment defendant appeals to this Court.

*Ruff, Bond, Cobb, Wade and McNair, by Timothy M. Stokes, for plaintiff appellee.*

*McConnell, Howard, Pruett and Bragg, by Rodney S. Toth, for defendant appellant.*

WELLS, Judge.

The questions raised on appeal are whether the trial court properly granted plaintiff's motion for summary judgment and

whether the trial court was without jurisdiction to hear defendant's motion for relief from judgment.

Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978); *Knowles v. Coach Co.*, 41 N.C. App. 709, 255 S.E. 2d 576 (1979). Summary judgment is available to a claimant as well as a defendant. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

Here the defendant failed to file any answer to plaintiff's complaint or any affidavit in opposition to plaintiff's motion pursuant to Rule 56 prior to the hearing on this motion. Under Rule 8(d), "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." All averments of the complaint other than those as to the amount of damage will stand admitted unless the defendant answers. *Fagan v. Hazzard*, 29 N.C. App. 618, 225 S.E. 2d 640 (1976); 2A Moore's Federal Practice ¶ 8.29 (2d ed. 1975).

[1] The defendant argues that the plaintiff should properly have moved for entry of judgment by default under Rule 55 and not for summary judgment under Rule 56. We find this contention without merit. Rule 56(a) provides that summary judgment is available to a claimant anytime after the expiration of thirty days from the commencement of the action. *See Village, Inc. v. Financial Corp.*, 27 N.C. App. 403, 219 S.E. 2d 242 (1975), *disc. rev. denied*, 289 N.C. 302, 222 S.E. 2d 695 (1976); *Whitaker v. Whitaker*, 16 N.C. App. 432, 192 S.E. 2d 80 (1972).

[2] In the case before us it is clear that defendant, by failing to file an answer within nine months after receiving service of plaintiff's summons and complaint, waived his right to submit an answer without leave of court. Accordingly, all of the allegations of plaintiff's complaint with the exception of damages are deemed admitted under Rule 8(d). The allegations which are admitted include those that defendant is the father of plaintiff's illegitimate child, that defendant is a responsible parent within the meaning of G.S. 110-139, and that defendant is able-bodied and capable of supporting a minor child.

Defendant questions the credibility and quality of plaintiff's evidence and urges us to hold that summary judgment is improper under the peculiar requirement of G.S. 49-14(b) that a plaintiff must prove paternity of the defendant beyond a reasonable doubt. Defendant has presented a strong argument on this point, but under the limits of this case the argument cannot succeed. Since defendant failed to deny the basic, essential allegation of paternity set out in the complaint the fact stands admitted and the trial court was therefore under no obligation to travel any farther along the evidentiary trail.

Defendant cites *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976) in support of his contention that summary judgment was inappropriate in the present case. In *Kidd*, the Supreme Court set forth guidelines for determining the circumstances under which summary judgment may be granted to the party with the burden of proof even when the opposing party fails to submit affidavits or other evidence in support of its position. The defendant in *Kidd* did file an answer which denied the allegations contained in plaintiff's complaint and this denial, although general, was sufficient to place in issue all of plaintiff's allegations not admitted. The Court concluded that *once placed in issue*, under certain circumstances, some allegations would not by their nature be susceptible to summary administration whether or not the party opposing the motion for summary judgment supported its denial of claimant's allegations with additional evidence. In the case at bar, since the defendant did not timely deny any of the allegations in plaintiff's complaint, none of these allegations, with the exception of the amount of damages, was in issue. These allegations remain admitted and not in issue throughout the course of the lawsuit. *Johnson v. Massengill*, 280 N.C. 376, 186 S.E. 2d 168 (1972).

[3] The defendant further maintains that entry of summary judgment against him deprived him of his right to a trial by jury. Defendant's failure to timely file a demand for trial by jury resulted in his having waived any right to a jury trial on the only issue left unadmitted by his failure to answer — damages. G.S. 1A-1, Rule 38(d); *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439 (1971); *Fagan v. Hazzard*, 29 N.C. App. 618, 225 S.E. 2d 640 (1976). Bastardy proceedings which simply seek to compel the putative father to support his child are nonpenal, and are uniformly held to

be civil in nature and governed by the state's rules of procedure applicable to civil actions. 10 Am. Jur. 2d, Bastards § 75, pp. 901-902. Under Rule 38 of the North Carolina Rules of Civil Procedure the right to trial by jury must be timely asserted or it is waived.

That defendant waived his right to a trial by jury on the issue of damages does not in itself settle whether this issue was one appropriate for adjudication by the trial court on motion for summary judgment. In the case at bar plaintiff submitted two affidavits in support of the motion before the trial court. One affidavit was sworn to by defendant's employer and stated that the defendant's disposable income was $130.00 per week. The other affidavit was sworn to by an employee of the Mecklenburg County Department of Social Services who had the duty of determining the eligibility and financial needs of AFDC applicants and who knew the plaintiff personally. This affidavit recites that the plaintiff was receiving $80.00 per month in AFDC payments. This $80.00 per month figure represents the County Department of Social Services' investigation and evaluation of the needs of the child as determined under G.S. 108-40 *et seq.*

Since there were no inherent doubts about the credibility of plaintiff's affiants and defendant failed to utilize Rule 56(f), summary judgment was appropriate. The plaintiff having presented competent evidence before the trial court showing the defendant's financial ability to provide for the child and the needs of the child, it then became incumbent on the defendant to rebut this evidence in some manner permitted by the Rule. *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576 (1976). The defendant's failure to answer or otherwise offer any cognizable opposition to the motion requires us to find that entry of summary judgment against him was proper.

[4] Defendant assigns as error the trial court's dismissal of his Rule 60(b) motion for relief from judgment on grounds of mistake, inadvertance, surprise, excusable neglect, misrepresentation or other misconduct of an adverse party. Defendant's motion was filed twenty-three days after entry of judgment against him, well within the one year limitation set forth in the Rule. The trial court dismissed this motion on grounds that the defendant's pending appeal in this Court divested it of jurisdiction to determine *or hear* the motion.

We note at the outset the general rule that when one party gives notice of appeal the jurisdiction of the trial court is ousted and it may take no further action in the case except in aid of the appeal, unless the case is remanded to it by the appellate court. *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971), *rehearing denied,* 281 N.C. 317 (1972); *Bowen v. Motor Co.,* 292 N.C. 633, 234 S.E. 2d 748 (1977).

There is authority, however, for the proposition that the trial court retains limited jurisdiction, after an appeal has been taken, to hear and consider a Rule 60(b) motion for the purpose of indicating what action it would be inclined to take on such a motion if it had jurisdiction to rule on the motion. In *Sink v. Easter,* 288 N.C. 183, 199, 217 S.E. 2d 532, 542 (1975), our Supreme Court, quoting from Wright & Miller, Federal Practice and Procedure: Civil § 2873, pp. 263-265 (1973) stated:

> The earlier cases on Rule 60(b) took the view that the district court has no power to consider a motion under the rule after notice of appeal has been filed. This always seemed anomalous since the time for making the motion continues to run while the case is pending on appeal. These cases required a party seeking relief from a judgment during the pendency of an appeal first to present his ground to the appellate court. If it thought that the motion should be heard it would remand the case to the district court for that purpose. One alternative to actual remand was for the appellate court to give permission to the district court to rule on the motion.

> Other cases have developed a different and more satisfactory procedure. They hold that during the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application can then be made to the appellate court for remand. This procedure is sound in theory and preferable in practice. The logical consequence is that the district court may deny the motion although it cannot, until there has been a remand, grant it, and this seems to be the interpretation followed by many courts. . . .

The Court in *Sink* did not expressly approve or disapprove of either of these techniques because it did not reach the issue, holding that the trial court retained jurisdiction to determine

whether the appeal had been abandoned. However, the Court's discussion of the availability of techniques whereby the trial court could state how it would rule on a 60(b) motion after an appeal has been taken indicates that the Court felt such options were available and could not be summarily dismissed if the need to revert to them arose. *See also* 2 McIntosh, N.C. Practice and Procedure § 1720 (1970 Supp.), p. 94. In the case at bar the trial court's conclusion that it could not hear defendant's Rule 60(b) motion is directly in issue.

We now need to consider which of the two alternative procedures referred to by our Supreme Court in *Sink* would best serve the ends of justice in this case. As our Rule 60(b) is practically identical to its Federal counterpart, and had its genesis there, we have looked to the Federal cases for additional guidance.

First, we are confronted with the one year time limit within which a Rule 60(b) motion must be made in the trial court. We find no cases holding that the one year limit is tolled during pendency of an appeal. The reasoning seems to be grounded on the right of an appellant to present a Rule 60(b) motion during the pendency of the appeal.

> "The motion can be made even though an appeal has been taken and is pending. For this reason, it is held that the pendency of an appeal does not extend the one year limit. . . ."

11 Wright & Miller, Federal Practice and Procedure: Civil § 2866, p. 233 (1973). The defendant in the case *sub judice* had the option of filing his Rule 60(b) motion in this Court after the appeal was taken but within the one year period. *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E. 2d 879 (1971), *rehearing denied*, 281 N.C. 317 (1972); *Rhodes v. Henderson*, 14 N.C. App. 404, 188 S.E. 2d 565 (1972). He did not, and we are therefore not squarely presented with that question in this case. We believe, however, that a proper disposition of this case requires discussion of this alternative.

It is virtually universally accepted that the trial court "is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)." *Standard Oil Co. of Calif. v. United States*, 429 U.S. 17, 19, 50 L.Ed. 2d 21, 24, 97 S.Ct. 31, 32 (1976)

(quoting from *Wilkin v. Sunbeam Corp.*, 405 F. 2d 165 (10th Cir. 1968)). In ruling on such motions, the trial judge must make findings of fact as to both the grounds asserted and as to a meritorious defense. *Sprinkle v. Sprinkle*, 241 N.C. 713, 86 S.E. 2d 422 (1955). The trial court's findings are binding on appeal if supported by any competent evidence. *Kirby v. Contracting Co.*, 11 N.C. App. 128, 180 S.E. 2d 407 (1971), *cert. denied*, 278 N.C. 701, 181 S.E. 2d 602 (1971). While such motions may be made in the appellate division, they are not looked upon with favor. *Locklear v. Snow*, 5 N.C. App. 434, 168 S.E. 2d 445 (1969). We agree that the initial consideration of Rule 60(b) motions at the appellate level does not provide the essential ingredient of trial court review and that this procedure should not be encouraged.

It appears to us that the better practice is to allow the trial court to consider a Rule 60(b) motion filed while the appeal is pending for the limited purpose of indicating, by a proper entry in the record, how it would be inclined to rule on the motion were the appeal not pending. At the time the motion is made in the lower court the movant should notify the appellate court so that it may delay consideration of the appeal until the trial court has considered the 60(b) motion. Upon an indication of favoring the motion, appellant would be in position to move the appellate court to remand to the trial court for judgment on the motion and the proceedings would thereafter continue until a final, appealable judgment is rendered. An indication by the trial court that it would deny the motion would be considered binding on that court and appellant could then request appellate court review of the lower court's action. This procedure allows the trial court to rule in the first instance on the Rule 60(b) motion and permits the appellate court to review the trial court's decision on such motion at the same time it considers other assignments of error.

The above technique, first utilized in *Smith v. Pollin*, 194 F. 2d 349 (C.A.D.C. 1952), has since been adopted in the Second, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Circuits. *See Ryan v. U.S. Lines Co.*, 303 F. 2d 430 (2d Cir. 1962); *Lairsey v. Advance Abrasives Co.*, 542 F. 2d 928 (5th Cir. 1976); *Bank v. Hirsch*, 535 F. 2d 343 (6th Cir. 1976); *Washington v. Board of Education*, 498 F. 2d 11 (7th Cir. 1974); *Insurance Co. v. Gelt*, 558 F. 2d 1303 (8th Cir. 1977); *Crateo, Inc. v. Intermark, Inc.*, 536 F. 2d 862 (9th Cir. 1976), *cert. denied*, 429 U.S. 896, 50 L.Ed. 2d 180, 97 S.Ct. 259

(1976); *Aune v. Reynders*, 344 F. 2d 835 (10th Cir. 1965). None of the remaining Circuits has recently expressed disapproval of the *Smith v. Pollin* procedure. While the United States Supreme Court has yet to rule on the matter, it should be noted that the Supreme Court recently allowed a 60(b) motion to be made initially in the District Court without leave of an appellate court, although it must be acknowledged that the appeal in that case had already been determined by the appellate court. *Standard Oil Co. of Calif. v. United States*, 429 U.S. 17, 50 L.Ed. 2d 21, 97 S.Ct. 31 (1976). *See also* 65 Yale L.J. 708, 709-710 (1956).

We hold in the present case that the trial court should have considered appellant's Rule 60(b) motion for the limited purpose of indicating how it would have been inclined to rule on the motion and the trial court erred in dismissing the Rule 60(b) motion.

Since we have disposed of appellant's other assignments of error, we see no need to retain jurisdiction over this case and we therefore remand this case to the District Court to hear and determine appellant's Rule 60(b) motion.

Summary judgment for plaintiff is affirmed.

The dismissal of defendant's Rule 60(b) motion is reversed and this cause is remanded for a hearing on said motion.

Affirmed in part, and reversed in part and remanded.

Judges CLARK and ERWIN concur.