## MORGAN v. NASH CNTY.

[222 N.C. App. 481 (2012)]

ADA MORGAN, RAY MORGAN, JUDITH SCULL a/k/a JUDITH THOMPSON SCULL, DAVID SCULL, ROGER PARKER a/k/a BILLY ROGER PARKER, JR., AND THE CITY OF WILSON, A NORTH CAROLINA MUNICIPAL CORPORATION, PLAINTIFFS v. NASH COUNTY, DEFENDANT

No. COA11-1544

(Filed 21 August 2012)

**1. Zoning—standing—direct effect of amendment—hypothetical injury—distance between properties**

The trial court did not err by concluding that the City of Wilson did not have standing to challenge a rezoning by Nash County that would allow a poultry processing plant on a tract of land in the County. Although the City maintained that it had standing because the separate tract on which the treated wastewater from the processing plant would be dispersed was within the watershed from which the City drew about half of its water supply, the City was not directly affected by the amendment because disposal of agricultural wastewater was a permitted use on the separate tract before the rezoning of the tract on which the plant would be built, the alleged injury was hypothetical because the sprayfields would have to meet State and federal regulations, and the distance from City property to the rezoned property was too remote to support standing.

**2. Appeal and Error—new evidence while appeal pending—advisory opinion**

The trial court did not abuse its discretion in an advisory opinion filed while plaintiff's appeal was pending by finding that proffered new evidence was merely cumulative and corroborative and concluding that plaintiff's Rule 60(b) motion would have been denied had it been before the court.

**3. Attorney Fees—pending appeal—Rule 60(b)—standing**

The trial court erred by awarding attorney fees and expenses to defendants when issuing an advisory opinion on plaintiff's Rule 60(b) motion while plaintiff's appeal was pending. The subject matter of the Rule 60(b) motion was the same issue underlying the appeal and the trial court did not have jurisdiction to make the award.

MORGAN v. NASH CNTY.

[222 N.C. App. 481 (2012)]

Appeal by plaintiff from order entered 30 June 2011 by Judge W. Russell Duke, Jr., in Nash County Superior Court. Heard in the Court of Appeals 9 May 2012.

*Brough Law Firm, by Robert E. Hornik, Jr., for plaintiff-appellant City of Wilson.*

*Smith Moore Leatherwood LLP, by Thomas E. Terrell, Jr. and Elizabeth Brooks Scherer, and Battle, Winslow, Scott & Wiley, P.A., by G. Vincent Durham, Jr., for defendant-appellee.*

HUNTER, Robert C., Judge.

Plaintiff City of Wilson ("the City") appeals from the trial court's order granting Nash County's ("Nash County" or "the County") motion to dismiss the City and its claims after concluding the City lacked standing to maintain its claims against Nash County.[1] After careful review, we affirm the trial court's 30 June 2011 order.

Additionally, pursuant to a petition for writ of certiorari, the City asks this Court to review the advisory opinion entered by the trial court in response to the City's Rule 60(b) motion filed during the pendency of this appeal and of the trial court's order awarding Nash County attorneys' fees and expenses resulting from the City's Rule 60(b) motion. Upon granting certiorari, we find no abuse of discretion in the trial court's advisory opinion, but we vacate the order awarding attorneys' fees and expenses to Nash County.

**Background**

In May 2010, the North Carolina Department of Commerce contacted Nash County officials to inform them that a Mississippi corporation, Sanderson Farms, Inc. ("Sanderson Farms"), was interested in constructing a large, poultry processing facility in North Carolina. The County began to actively recruit Sanderson Farms to locate the processing facility in Nash County and identified a 147-acre tract of land ("the subject property") that the County believed was suitable for its use. The subject property was then owned by Cecil and Bertine Williams, who are not a party to the underlying action.

Nash County is a member of a North Carolina not-for-profit corporation, Carolinas Gateway Partnership ("CGP"), whose mission is

---

1. Plaintiffs Ada Morgan, Ray Morgan, Judith Scull a/k/a Judith Thompson Scull, David Scull, Roger Parker a/k/a Billy Roger Parker, Jr., did not appeal from the trial court's order.

to promote economic development in Nash and Edgecombe Counties. In August 2010, CGP created a limited liability corporation, Coastal Plain Land Company, LLC ("Coastal"), for the purpose of facilitating the recruitment of Sanderson Farms to Nash County. To that end, in September 2010, Coastal acquired an option to purchase the subject property from the Williams family. The subject property was zoned for "Rural Commercial" and "Residential" uses, which would not allow for the type of economic development Sanderson Farms or similar businesses could bring to Nash County. Consequently, Costal submitted a rezoning application for the subject property to the Nash County Board of County Commissioners requesting that the property be rezoned to a "General Industrial" district, which would permit a variety of industrial uses, not only the use proposed by Sanderson Farms.

In order for the subject property to be a viable site for the processing facility, not only would the land have to be rezoned, but Sanderson Farms would require additional land on which to locate a hatchery and land to use for sprayfields—fields on which Sanderson Farms could disperse the processing facility's treated wastewater. Nash County officials and CGP located separate tracts of land in Nash County suitable for these additional needs: a tract of land located approximately two miles to the east of the subject property as a potential site for the hatchery; and a 650-plus acre tract of land located several miles to the west of the subject property that could be used as sprayfields. In order to utilize the sprayfields, a six-mile long, sanitary sewer pipe would have to be constructed to transport the processing facility's treated wastewater to the fields.

## A. First Rezoning

On 1 November 2010, the Nash County Board of County Commissioners ("the Board") voted to rezone the subject property to a General Industrial zoning district.[2] On 19 November 2010, the City of Wilson joined thirty-three individual plaintiffs and filed a lawsuit in Nash County Superior Court challenging the rezoning. In that suit the plaintiffs alleged: (1) that the Board failed to comply with statutory and administrative procedural requirements when rezoning the subject property; and (2) that the rezoning constituted an illegal "contract zoning." On 1 July 2011, Judge W. Russell Duke, Jr., entered an

---

2. The tracts of land identified for the hatchery and sprayfields were not rezoned with the subject property; Sanderson Farms's proposed uses of those tracts were permitted uses under the sites' existing zoning designations. The zoning of the proposed hatchery and sprayfield sites was not challenged in the underlying action.

order granting the County's Rule 12(b)(1) motion to dismiss the City and all its claims, with prejudice, concluding that the City failed to establish that it had standing to maintain its challenge to the rezoning of the subject property. The City appealed and that appeal is the subject of a companion case, *Albright v. Nash County*, ____ N.C. App. ____, ____ S.E.2d ____, (No. COA11-1530) (Aug. 21, 2012) (unpublished), filed simultaneously with this decision. As the resolution of *Albright* is controlled by our holding in this case, we have dismissed the appeal in *Albright* as moot. *Id.*

### B. Second Rezoning

Coastal's option to purchase the subject property from the Williams family was set to expire in December 2010 by which time Sanderson Farms had not committed to locating its proposed facilities in Nash County. Realizing that the subject property was an ideal location for economic development by Sanderson Farms or other businesses, Nash County purchased 142 acres of the subject property on 23 December 2010; the Williams family retained ownership of the remaining five acres. In January 2011, Sanderson Farms announced that it was postponing its decision, for at least one year, as to whether it would build a poultry processing facility in North Carolina.

On 23 February 2011, the Williams family and Nash County filed a joint application to rezone the subject property a second time. On 4 April 2011, the Board voted to approve the application, rezoning the subject property to a "General Industrial" district. On 26 April 2011, the City joined five property owners in filing the underlying action challenging the validity of the second rezoning of the subject property. In their complaint, plaintiffs alleged that the Board failed to comply with N.C. Gen. Stat. § 153A-341 by failing to adopt a consistency statement prior to approving the second rezoning application and that the rezoning of the subject property constituted an illegal "contract zoning."

In response, Nash County filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 56 seeking summary judgment with respect to plaintiffs' claims. The County also filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) seeking dismissal of all plaintiffs and their claims for lack of standing, except for plaintiff Billy Roger Parker, Jr. Following a hearing on the County's motions, the trial court entered an order on 30 June 2011 in which the court: dismissed the City and all its claims, with prejudice, for lack of standing; denied the County's motion to dismiss the remaining plaintiffs concluding they had stand-

ing to challenge the rezoning of the subject property; and granted, *inter alia,* the County's motion for summary judgment on all claims by all plaintiffs. The City timely entered notice of appeal.

## Discussion

### A. Standing

**[1]** First, the City contends the trial court erred as a matter of law in concluding that it did not have standing to challenge the County's rezoning of the subject property. We disagree.

We review *de novo* the trial court's order granting a motion to dismiss for lack of standing. *Neuse River Found., Inc. v. Smithfield Foods, Inc.,* 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002), *disc. review denied,* 356 N.C. 675, 577 S.E.2d 628 (2003). " 'Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction.' " *Id.* at 113, 574 S.E.2d at 51 (quoting *Aubin v. Susi,* 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002)). The party invoking the trial court's jurisdiction bears the burden of establishing that it has standing to maintain its action. *Id.* The three elements of standing are:

(1) "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 114, 574 S.E.2d at 52 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 364 (1992)).

The City maintains that as a result of the rezoning Sanderson Farms will build a poultry processing plant on the subject property and will disperse treated wastewater from the processing plant onto the proposed sprayfields which are located in the Toisnot Watershed. The City alleges that because it draws approximately half of its water supply from the Toisnot Watershed, the dispersal of treated agricultural wastewater by Sanderson Farms on the proposed sprayfields would threaten the City's water treatment facilities and the quality of its water supply. Therefore, the City contends that it has legal standing to maintain the underlying action.

We acknowledge that the City has provided uncontested evidence that Sanderson Farms is interested in building its poultry processing facility on the subject property. Despite the evidence of Sanderson

Farms's interest in the rezoned property, however, we conclude the City cannot establish standing to challenge Nash County's rezoning of the subject property when the land use the City seeks to prevent was not made possible by the zoning amendment it seeks to reverse; the subject property and the sprayfields are separate and distinct tracts of land located several miles apart. The sprayfields were not rezoned by Nash County, and plaintiffs do not challenge the zoning of that land.

In fact, the City does not dispute that before the second rezoning of the subject property was approved the disposal of agricultural wastewater was a permitted use on that land. Thus, while the City contends that Sanderson Farms's processing facility could not exist on the subject property without the sprayfields, that fact, if true, is not determinative. Rather, the critical fact is that the sprayfields— whether they belong to Sanderson Farms or any other business— could exist without the processing facility. In short, the City cannot establish that it is likely the alleged "injury will be 'redressed by a favorable decision[,]' " *Lujan*, 504 U.S. at 561, 119 L. Ed. 2d at 364 (citation omitted), since the disposal of treated wastewater would still be permitted on the proposed sprayfields despite a reversal of the second rezoning of the subject property.

Additionally, under *Lujan*, for the City to establish that it has standing it must demonstrate the alleged injury is "actual or imminent, not conjectural or hypothetical[.]" *Id.* at 560, 119 L. Ed. 2d at 364 (citation and quotation marks omitted). The City contends the damage to its water supply will result from "millions of gallons of nutrient-bearing wastewater" being sprayed on land within the Toisnot Watershed and that the County has offered no evidence to the contrary. However, the County has provided evidence that the wastewater would be treated at a disinfection station before being dispersed and that the treatment system must meet the requirements of the North Carolina Administrative Code. 15A N.C.A.C. 2T.0504 (2012). Additionally, the wastewater irrigation system would have to comply with the permitting requirements imposed by the North Carolina Administrative Code. *Id.* In fact, the Wilson city manager, Grant Goings, conceded that any wastewater entering into the watershed would have to meet state and federal effluent standards. Therefore, for the City to establish actual or imminent injury we must assume that the wastewater would not be properly treated and that the fields would not be properly monitored, in contravention of state and federal regulations. Should such events occur, a separate action

for violations of environmental regulations may provide the City with the proper remedy. Accordingly, we conclude the alleged injury is "conjectural or hypothetical" and insufficient to establish standing under the Supreme Court's holding in *Lujan*, 504 U.S. at 560-61, 119 L. Ed. 2d at 364 (citation and quotation marks omitted).

The City counters that the standard set forth in *Lujan* is not the proper standard by which to analyze standing for the purpose of the review of a legislative rezoning decision. Rather, the City contends the proper standard is set forth in *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E.2d 576 (1976). However, applying the rationale of *Taylor*, we conclude the City again fails to establish standing.

In *Taylor*, the plaintiff-landowners challenged the rezoning of a tract of land by the City of Raleigh that allowed for the construction of multiple apartment houses on the property. *Id.* at 616, 227 S.E.2d at 581. In order to complete the construction, the City of Raleigh brought condemnation proceedings against the plaintiffs for easements across the plaintiffs' property through which water and sewer lines would connect to the apartment development. *Id.*

Despite the fact that the City of Raleigh sought to condemn portions of the plaintiffs' property, our Supreme Court held the plaintiffs failed to establish standing where: (1) the nearest plaintiff lived one-half mile from the rezoned property and (2) multi-family dwellings were already permitted on the rezoned land before the City of Raleigh amended the zoning ordinance—the amended ordinance merely increased the type and number of units permitted. *Id.* at 620-21, 227 S.E.2d at 583-84 ("Plaintiffs' standing to attack the rezoning ordinance must be considered and determined with reference to whether *the rezoning ordinance itself directly* and adversely affects them." (emphasis added)). Similarly, here, the zoning ordinance that the City seeks to challenge did not enable the land use that the City alleges will result in harm to its water system; instead, the treated wastewater, if dispersed, would be dispersed on a tract of land separate and distinct from the rezoned property and could be dispersed in the Toisnot Watershed irrespective of the zoning designation of the subject property. Thus, the contested zoning amendment does not "directly" affect the City as required by *Taylor*, and the City's argument is overruled.

The City further contends that our caselaw has not required ownership of either the rezoned property or of property adjoining the rezoned property to establish standing to challenge a zoning amend-

ment. However, it is apparent that the plaintiff's proximity to the rezoned property is a factor our courts have considered. The *Taylor* Court considered the fact that the plaintiff's property nearest to the rezoned property was one-half mile away and separated by a buffer of 45 acres. *Id.* Here, the City's property is *three and a half miles* away from the rezoned property and is thus too remote to support the City's claim of standing to challenge the zoning amendment. *See also Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42 (1972) (standing found where the plaintiffs were "owners of property *in the adjoining area* affected by the ordinance" (emphasis added)); *Zopfi v. City of Wilmington*, 273 N.C. 430, 431, 160 S.E.2d 325, 328 (1968) (standing found where plaintiffs owned property in a subdivision "adjoining or in close proximity" to the rezoned property). The City's argument is overruled.

**B. Plaintiffs' Petition for Writ of Certiorari**

During the pendency of this appeal plaintiffs filed a Rule 60(b) motion with the trial court seeking relief from the trial court's order granting the County's motion to dismiss the City and its claims. The trial court entered an advisory opinion stating that it would deny plaintiffs' motion had the City not appealed the order, and it entered an order awarding Nash County attorneys' fees and expenses incurred in its response to plaintiffs' motion. Plaintiffs ask this Court to review the trial court's advisory opinion and order by a petition for writ of certiorari. We grant the writ of certiorari, and after careful review, we discern no abuse of discretion in the advisory opinion, but we vacate the trial court's order awarding attorneys' fees and expenses to Nash County.

**1. Advisory Opinion**

[2] The basis for plaintiffs' Rule 60(b) motion was plaintiffs' discovery of new evidence they allege supports their claims against Nash County. The new evidence was discovered after the filing of this appeal and consists of a survey plat ("the plat") for a tract of land on which plaintiffs allege Sanderson Farms intends to build a hatchery. The plat identified the land as the "Sanderson Farms Rocky Mount Hatchery Site." The plat was based on a survey performed in November 2010 and was recorded in the Nash County Registry in December 2011. Plaintiffs allege the proposed hatchery would service the processing facility that Sanderson Farms intends to build on the subject property. The land for this proposed hatchery and the subject property are separate and distinct tracts of land located approximately two miles apart.

In support of their Rule 60(b) motion, plaintiffs argued: (1) that the plat is relevant to whether the City of Wilson has standing to challenge the rezoning of the subject property; and (2) that the plat is relevant to their allegation that the rezoning of the subject property was an illegal "contract zoning" because the plat demonstrates "the commitment of financial resources by Sanderson Farms to a key component" of the plans to build a poultry processing plant on the subject property.

In an advisory opinion entered 30 April 2012, the trial court concluded that it would have denied plaintiffs' motion had the court retained jurisdiction over the matter. *See Bell v. Martin*, 43 N.C. App. 134, 142, 258 S.E.2d 403, 409 (1979) (describing the procedure whereby a trial court may "consider a Rule 60(b) motion filed while the appeal is pending for the limited purpose of indicating, by a proper entry in the record, how it would be inclined to rule on the motion were the appeal not pending"), *rev'd on other grounds*, 299 N.C. 715, 264 S.E.2d 101 (1980). The trial court noted that the plat did not describe the subject property, which was rezoned by Nash County; rather, it described a separate tract of land located approximately one mile from the subject property. Additionally, the trial court noted that plaintiffs had already established that Sanderson Farms was working with CGP in considering locating a hatchery on the property described in the plat and had produced numerous maps depicting the site. Consequently, the trial court concluded the plat was not new evidence but was merely cumulative and corroborative of evidence already before the court, citing *Waldrop v. Young*, 104 N.C. App. 294, 296, 408 S.E.2d 883, 884 (1991) ("Proffered evidence which is merely cumulative or corroborative is not 'newly discovered evidence' within the meaning of Rule 60(b)(2).").

We discern no new information in plaintiffs' proffered evidence, and, thus, no abuse of discretion by the trial court in reaching its conclusion that it would deny plaintiff's Rule 60(b) motion had it been before the court. *See Kingston v. Lyon Const., Inc.*, _____ N.C. App. _____, _____, 701 S.E.2d 348, 353 (2010) ("Denial of a Rule 60(b) motion is reviewed under an abuse of discretion standard."). Plaintiffs' argument is overruled. We remand for the trial court to enter an order on the Rule 60(b) motion consistent with our decision. *See In re: Baby Boy Scearce*, 81 N.C. App. 662, 665, 345 S.E.2d 411, 413-14 (concluding that where the trial court entered an advisory opinion on a Rule 60 motion during the pendency of the underlying appeal, and where this Court agreed, in part, with the advisory opinion, we remanded the matter to the trial court for entry of an order on the Rule 60

motion consistent with the trial court's advisory opinion on that issue), *disc. review denied*, 318 N.C. 415, 349 S.E.2d 590 (1986).

### 2. Award of Attorneys' Fees and Expenses

[3] In an order entered simultaneously with the advisory opinion on plaintiffs' Rule 60(b) motion, the trial court awarded Nash County reasonable attorneys' fees and expenses incurred in response to plaintiffs' motion in the amount of $25,607.35. The trial court concluded that because plaintiffs presented no new evidence to support their Rule 60(b) motion, there was a complete lack of a justiciable issue supporting the motion.

The trial court also concluded that Nash County was the "prevailing party" in regard to plaintiffs' motion and, upon motion by Nash County, awarded attorneys' fees and expenses to the County pursuant to N.C. Gen. Stat. § 6-21.5 ("In any civil action . . . the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading."). In their petition for writ of certiorari, plaintiffs contend the trial court erred in awarding attorneys' fees and expenses to the County as it did not have jurisdiction to do so.[3] We agree.

Section 1-294 of our General Statutes, provides that

> [w]hen an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

N.C. Gen. Stat. § 1-294 (2011). Thus, pending appeal, "the trial judge is *functus officio*, subject to two exceptions and one qualification." *Kirby Bldg. Sys., Inc. v. McNiel*, 327 N.C. 234, 240, 393 S.E.2d 827, 831 (1990).

> The exceptions are that notwithstanding the pendency of an appeal the trial judge retains jurisdiction over the cause (1) during the session in which the judgment appealed from was rendered and (2) for the purpose of settling the case on appeal.

---

3. Plaintiffs entered notice of appeal from the trial court's award of attorneys' fees and expenses and filed the petition for writ of certiorari "out of an abundance of caution." Nash County did not file a response to the petition.

> The qualification to the general rule is that "the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned" and thereby regain jurisdiction of the cause.

*Id.* (quoting *Bowen v. Motor Co.*, 292 N.C. 633, 635-36, 234 S.E.2d 748, 749 (1977)). These two exceptions and one qualification do not apply in this case.

Once plaintiffs gave notice of appeal from the 30 June 2011 order the trial court was divested of jurisdiction over all matters included in the action that were "not affected by the judgment appealed from." N.C. Gen. Stat. § 1-294. The subject matter of plaintiffs' Rule 60(b) motion is the same issue underlying the appeal from the trial court's 30 June 2011 order: whether the City of Wilson has standing to challenge Nash County's rezoning of the subject property. Thus, we conclude the Rule 60(b) motion is necessarily one that is affected by the outcome of this appeal, and the trial court did not have jurisdiction to make a final order on the Rule 60(b) motion or make an award of attorneys' fees and expenses related to the motion. *See McClure v. County of Jackson*, 185 N.C. App. 462, 466, 471, 648 S.E.2d 546, 548, 551-52 (2007) (concluding the trial court did not have jurisdiction to award attorneys' fees after notice of appeal was entered where the award was based on the outcome of the proceeding from which the appeal was taken). Further, we note the inherent contradiction in the trial court's entry of an order awarding attorneys' fees to the "prevailing party" in an advisory opinion, the purpose of which is merely to indicate "how [the trial court] *would be inclined to rule* on the motion were the appeal not pending." *Bell*, 43 N.C. App. at 142, 258 S.E.2d at 409 (emphasis added). Thus, the trial court's order awarding attorneys' fees and expenses must be vacated.

## Conclusion

We conclude the trial court did not err in dismissing the City of Wilson and its claims against Nash County for a lack of standing. The City cannot establish standing under the standard set forth in *Lujan*, 504 U.S. at 560-61, 119 L. Ed. 2d at 364, or in *Taylor*, 290 N.C. at 621, 227 S.E.2d at 584, as Nash County's rezoning of the subject property did not enable the land use from which the City alleges it will suffer harm. Because the trial court did not err in concluding the City failed to establish standing to maintain its legal challenge to the rezoning of the subject property, we do not reach the City's additional argument that the trial court erred in granting the County's motion for summary

judgment concerning all claims. Accordingly, the trial court's 30 June 2011 order is affirmed.

Additionally, we find no abuse of discretion in the trial court's advisory opinion, indicating that it would be inclined to deny plaintiffs' Rule 60(b) motion, and we remand for the trial court to enter an order denying the motion. We conclude the trial court was without jurisdiction to enter its order granting Nash County's motion for attorneys' fees and expenses, and the 30 April 2012 order is vacated.

AFFIRMED as to the 30 June 2011 order.

REMANDED as to the 30 April 2012 advisory opinion for entry of an order consistent with this decision.

VACATED as to the 30 April 2012 order awarding attorneys' fees and expenses.

Judges STROUD and ERVIN concur.