CHARLES STEWART, on behalf of his son Adam Stewart, Petitioner v. JOHNSTON COUNTY BOARD OF EDUCATION, Respondent

No. COA97-233

(Filed 17 March 1998)

### 1. Schools § 139 (NCI4th)— student suspension—ten days— no judicial review

The superior court did not have subject matter jurisdiction to review the ten-day suspension of a high school student for an altercation on a school bus since N.C.G.S. § 115C-391(e) provides for judicial review only of suspensions in excess of ten days. The collateral consequence of receiving failing grades in missed classes did not convert the suspension into more than a ten-day disciplinary action because N.C.G.S. § 115C-391(b) requires that the school allow disciplined students to make up missed work and to have grades restored.

### 2. Schools § 139 (NCI4th)— student suspension—ten days— judicial review—statutes inapplicable

The superior court did not have jurisdiction under the Administrative Procedure Act or N.C.G.S. § 115C-305 to review the ten-day disciplinary suspension of a high school student.

Appeal by petitioner from order entered 16 December 1996 by Judge Knox V. Jenkins, Jr. in Johnston County Superior Court. Heard in the Court of Appeals 17 November 1997.

Petitioner's son, a student at South Johnston High School, was involved in an altercation with another student during a bus ride home on 15 October 1996. He moved to the front of the bus as soon as he was able. Shortly thereafter, a second dispute arose between other students. Petitioner's son was not involved in this second incident. As a result of the disruptions, the bus driver was forced to pull over and summon the police. Along with police officers, Ann Williams, principal of South Johnston High School, arrived on the scene and conducted an investigation into the cause of the incident. Nine students, including petitioner's son, were identified by other students and the bus driver as being involved in the disruption. Principal Williams told the students that they were suspended from school for ten days and from riding the bus for the remainder of the school year.

Pursuant to school board policy, Principal Williams notified petitioner in writing of the reasons for his son's suspension and of the appeal process. Petitioner appealed to assistant superintendent E.D. Hall, who upheld the suspension after a hearing in which the principal and parents were heard. A three member panel of the Johnston County Board of Education also upheld the suspension after an additional hearing.

Petitioner then filed a petition for judicial review in Johnston County Superior Court. Contending that North Carolina law does not provide for an appeal to a court for suspensions of ten days or less, the School Board moved to dismiss for lack of subject matter jurisdiction.

Petitioner argued that the suspension was in reality beyond ten days, because under Board policy five or more unexcused absences result in a student receiving a failing grade for the grading period. Principal Williams responded that by statute and school policy the student would be allowed to makeup any work missed and his grades would be restored. The trial court dismissed the complaint for lack of jurisdiction. Petitioner filed a notice of appeal to this Court contesting the trial court's order.

*Marvin Sparrow for plaintiff petitioner.*

*Tharrington Smith, by Michael Crowell, Karen James, and Jonathan A. Blumberg, for defendant respondent.*

ARNOLD, Chief Judge.

[1] Petitioner's son was suspended from school pursuant to N.C. Gen. Stat. § 115C-391(b). The statute provides that a school principal has authority to suspend a student for a period of ten days or less for willful violations of school policies of conduct, as long as the student is given the opportunity to makeup any missed examinations. N.C. Gen. Stat. § 115C-391(b) (Supp. 1996). The statute does not provide for an appeal of the decision to either the superintendent or to the board of education. In contrast, students suspended for a period of time longer than ten days are granted the right to appeal to the local board of education. N.C. Gen. Stat. § 115C-391(c). Decisions involving suspensions in excess of ten days are subject to judicial review. N.C. Gen. Stat. § 115C-391(e). The statute, however, does not provide for judicial review of suspensions of ten days or less. We hold that by expressly providing for judicial review for more serious disciplinary

actions, but failing to indicate that such review is available for suspensions of ten days or less, the legislature did not intend to grant superior courts subject matter jurisdiction over such appeals. *Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 303, 354 S.E.2d 495, 498 (1987) (holding that the statutory inclusion of one thing implies the exclusion of another).

Petitioner argues that the collateral consequences of receiving a failing grade in classes and not being allowed to ride the school bus for the remainder of the school year converts the suspension into more than a ten day disciplinary action. We disagree. As an initial matter, petitioner cites no authority for his proposition. More importantly, the statute specifically requires that the school allow disciplined students the opportunity to makeup missed exams at the conclusion of their suspension. N.C. Gen. Stat. § 115C-391(b). Furthermore, Judge Jenkins sought to reassure the petitioner that his son's grades would be reinstated by expressly reiterating to school officials the statutory requirement. To the extent that petitioner argues that the school may not reinstate the grades on his son's next report card, the issue is not ripe for judicial review until the school has in fact refused to reinstate the grades. At this point, petitioner has presented no evidence that this is the case.

**[2]** Petitioner alternatively contends that jurisdiction may be premised on the Administrative Procedure Act or N.C. Gen. Stat. § 115C-305. The fact that § 115C-391(e) provides for judicial review of some suspensions, but not suspensions of ten days or less, negates the argument that other statutory provisions provide a basis for jurisdiction. Statutory construction requires that a more specific statute controls over a statute of general applicability. *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985) ("Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability."). Because the legislature failed to provide for judicial review of such suspensions in § 115C-391, we are precluded from recognizing jurisdiction in a statute of more general applicability.

Furthermore, while the Administrative Procedure Act (APA) does provide for judicial review of decisions by an agency or officer in the executive branch of government, it specifically exempts local units of government from its coverage. N.C. Gen. Stat. § 150B-2(1) (Supp. 1996). This Court recently noted that the exclusion of local units of government includes local boards of education, although the APA

does provide the standards for review when the legislature has explicitly granted the right to appeal from school board decisions. *Evers v. Pender County Bd. of Educ.*, 104 N.C. App. 1, 9, 407 S.E.2d 879, 884, *disc. review on additional issues allowed by*, 330 N.C. 440, 412 S.E.2d 71 (1991), *and affirmed per curiam*, 331 N.C. 380, 416 S.E.2d 3 (1992). As previously noted, the right to appeal was not granted for suspensions of ten days or less.

Petitioner also argues that N.C. Gen. Stat. § 115C-305 can be read broadly as granting jurisdiction to superior courts to hear appeals from students. We disagree. Although § 115C-305 provides for judicial review of decisions of school personnel, Article 20, of which § 115C-305 is a part, contains requirements for teacher certification, tenure, and hiring. There is no reference in the statute to students. Section 115C-391, under which petitioner's son was disciplined, is contained within an entirely separate article, Article 27, which contains its own provisions governing appeal rights.

Affirmed.

Judges GREENE and McGEE concur.